IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ELIUD DIAZ**

   **Plaintiff,**

     v.

**JOHN MCHUGH, et al.,**

   **Defendants.**

**CIVIL NO. 08-1767 (GAG)**

**MEMORANDUM OPINION & ORDER**

Plaintiff in this matter, Eliud Diaz ("Plaintiff"), commenced this action alleging that the Army discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Equal Pay Act ("EPA"), 29 U.S.C. § 206, *et seq.*; and Puerto Rico's anti-discrimination and negligent tort laws. The matter is presently before the court on the defendants' unopposed motion to dismiss and motion for summary judgment (Docket No. 27). After reviewing the pleadings and the pertinent law, the court **GRANTS** the defendants' motion and **DISMISSES** Plaintiff's claims.

   **I.**    **Plaintiff's Title VII claim**

Pursuant to 29 C. F. R. § 1614.105 (a)(1), when filing an action based on Title VII, aggrieved employees must bring the discriminatory events to the attention of an Equal Employment Opportunity ("EEO") counselor "within 45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action, within 45 days of the effective date of the action." Defendants argue that Plaintiff failed to meet this statutory deadline in bringing his discriminatory claim to the attention of the EEO counselor.

The court agrees with this contention, as Plaintiff did not contact an EEO counselor until February 1, 2008. Considering that the discriminatory event which Plaintiff complains of ended on August 5, 2007, Plaintiff needed to contact the EEO counselor by September 19, 2007, at the latest. Because Plaintiff failed to file a timely complaint, the EEOC dismissed his action as untimely.

As Plaintiff has failed to timely exhaust his administrative remedies, this court does not have

**Civil No. 08-1767 (GAG)**

subject matter jurisdiction to entertain this claim.  See Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); see also Roman-Martinez v. Runyon, 100 F.3d 213, 217 (1st Cir. 1996).  The court, therefore **DISMISSES** Plaintiff's Title VII claim.

## II. Plaintiff's EPA Claim

Plaintiff also brings a claim under the EPA, alleging that the United States is liable for damages under the EPA because female employees, employed by the Department of the Army, who had temporarily assumed the duties of their superiors, were fully compensated in accordance with the higher grade salary, while Plaintiff was denied such compensation during his tenure.

Jurisdiction to bring an action for an award of monetary damages against the United States rests in this court pursuant to the Little Tucker Act ("LTA"), 28 U. S. C. § 1346 (a) (2).  The LTA waives the United States' sovereign immunity for certain actions for mandatory relief that are based on acts of Congress, and thus vests subject matter jurisdiction for these actions in the district court.  See 28 U. S. C. 1346(a)(2).  However, such jurisdiction only exists for those claims that do not exceed $10,000.00.  Id.  As Plaintiff has sought damages far in excess of this statutory limit, jurisdiction to hear this claim is not vested within this court.  See Barnes v. Levitt, 118 F.3d 404, 410 (5th Cir. 1997).  Therefore the court has no choice but to **DISMISS** Plaintiff's EPA claim, without prejudice..

## III. Plaintiff's Remaining Supplemental Claims

Plaintiff's remaining claims have been brought pursuant to state law and are, therefore, precluded.  See Rivera-Rosario v. U.S. Dep't of Agriculture, 151 F.3d 34, 38 (1st Cir. 1998).

## IV. Conclusion

For the foregoing reasons the Court **GRANTS** the defendants' motion to dismiss (Docket No. 27).

**SO ORDERED.**

In San Juan, Puerto Rico this 22nd day of December, 2009.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge